UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TIFFANY GONZALEZ, JASON ESAW,
MARCQUES MCCALL, and KAYDIAN FERGUSON,

                Plaintiffs,

    v.

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. d/b/a STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                Defendants.
-----------------------------------------------------------------------X

Civ. Action No.
19-cv-00127 (ENV)(PK)

## DECLARATION OF ADAM SACKOWITZ IN SUPPORT OF PLAINTIFFS' MOTION

ADAM SACKOWITZ declares pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am the senior associate at Katz Melinger PLLC and am admitted to practice in the State of New York and to the Bar of this Court. I make this declaration in support of Plaintiffs' application for the relief requested in the Order to Show Cause.

    2.    On January 8, 2019, Plaintiffs commenced this action against defendants Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group II, LLC, Horizons HRS, Ltd., Eurosoft Inc. d/b/a Stark Talent, Tico Express, Inc., Fernando Brown, and Gary Hargrove.

    3.    After a settlement was reached between Plaintiffs, on one hand, and Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group II, LLC and Gary Hargrove (collectively the "Settling Defendants"), on the other hand, this action was discontinued against the Settling Defendants on July 1, 2020.

    4.    After the remaining defendants, Horizons HRS, Ltd., Eurosoft Inc. d/b/a Stark Talent, Tico Express, Inc., and Fernando Brown ("Judgment Debtors") failed to appear in this

action, the Court granted Plaintiffs' motion for a default judgment against Judgment Debtors and, on March 27, 2024, directed the entry of a judgment in favor of Plaintiffs and against Judgment Debtors in the total amount of $120,285.14, with interest thereon (the "Judgment") (Dkt. 70). Attached hereto as **Exhibit 1** is a true and accurate copy of the Judgment.

5. On July 23, 2024, Plaintiffs, through their counsel, served an Information Subpoena with Restraining Notice (the "Information Subpoena") on U.S. Bank National Association ("U.S. Bank N.A.") as part of its efforts to enforce the Judgment. Attached hereto as **Exhibit 2** is a true and accurate copy of the Information Subpoena.

6. On or about August 5, 2024 U.S. Bank N.A. responded to the Information Subpoena and directing counsel for Plaintiffs to serve a subpoena duces tecum to obtain documents on the Judgment Debtors' accounts held at U.S. Bank N.A. Attached hereto as **Exhibit 3** is a true and accurate copy of U.S. Bank N.A.'s response to the Information Subpoena.

7. On January 7, 2025, Plaintiffs, through their counsel, served a subpoena duces tecum (the "SDT") on U.S. Bank N.A. as part of its efforts to enforce the Judgment. Attached hereto as **Exhibit 4** is a true and accurate copy of the SDT.

8. On or about February 5, 2025 U.S. Bank N.A. responded to the SDT and produced documents showing that judgment debtor Horizons HRS Ltd. has two accounts at U.S. Bank N.A., ending in x9704 and x4325, each of which had balances as of January 31, 2025. Attached hereto as **Exhibit 5** and **Exhibit 6** are true and accurate copies of the account statements for accounts x9704 and x4325, respectively, produced by U.S. Bank N.A. in response to the SDT.

9. The account statements from U.S. Bank N.A. reflect continuous activity in the Accounts, including monthly deposits and withdrawals routinely exceeding $100,000, both before and after the Information Subpoena was served on U.S. Bank N.A. *See* Exhibits 5 and 6.

10. Despite being served with a restraining notice pursuant to CPLR § 5222, U.S. Bank N.A. failed to restrain the Accounts, and a temporary restraining order is therefore necessary to prevent further transfers or dissipation of assets from the U.S. Bank N.A. accounts while this motion is pending. The account statements produced by U.S. Bank N.A. reflect substantial and ongoing account activity, including transactions exceeding $100,000 per month, indicating that the accounts are actively used. This activity has persisted both before and after service of the restraining notice, and in the absence of judicial intervention, there exists a serious and immediate risk that the funds held in these accounts will be transferred or depleted, thereby frustrating enforcement of the Judgment.

11. Plaintiffs respectfully request that the Court enter a temporary restraining order, pursuant to Fed. R. Civ. P. 65, directing U.S. Bank N.A. to immediately freeze and not permit any funds to be transferred, withdrawn, or otherwise disposed of from the Accounts ending in x9704 and x4325, pending further order of the Court. The relief sought is narrowly tailored to preserve the funds held by the bank and to maintain the status quo while Plaintiffs pursue a turnover order under CPLR §§ 5225(b) and 5227, which are applicable here pursuant to Fed. R. Civ. P. 69(a).

12. A temporary restraining order is warranted because Plaintiffs have demonstrated irreparable harm, including the imminent risk that assets subject to execution will be lost or concealed, and because Plaintiffs have at least a substantial likelihood of success in obtaining a turnover order under New York law. *See Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008). "Irreparable harm" includes harm that cannot be fully remedied by a post hoc monetary judgment, such as the loss of access to specific funds traceable to the Judgment. This concern is especially heightened where, as here, the funds have continued to move freely despite service of a restraining notice that should have halted such transfers. Without immediate restraint of these

accounts, Plaintiffs may be irreparably deprived of a primary avenue for satisfaction of their Judgment.

13. U.S. Bank N.A. is currently in possession of property belonging to the Judgment Debtors and subject to enforcement under CPLR § 5225(b). Plaintiffs therefore also seek an order, pursuant to Fed. R. Civ. P. 69(a) and CPLR §§ 5225(b) and 5227, directing U.S. Bank N.A. to turn over such funds to satisfy, in whole or in part, the Judgment.

14. CPLR § 5225(b) provides that, upon the commencement of a special proceeding by a judgment creditor against a person in possession of money belonging to a judgment debtor, the Court shall require such person to pay the money to the judgment creditor, up to an amount sufficient to satisfy the judgment. Similarly, CPLR § 5227 provides that the Court may order any person who is or will become indebted to the judgment debtor to pay the judgment creditor the debt upon its maturity, up to an amount sufficient to satisfy the judgment. Indeed, "[a] money judgment may be enforced against any debt, which is past due or which is yet to become due." CPLR § 5201(a). A debt will be subject to enforcement under CPLR § 5227 if the debt is either "past due or certain to become due upon demand" or "assignable or transferrable." *Alliance Bond Fund Inc. v. Grupo Mexicano de Desarrollo, S.A.*, 190 F.3d 16, 23-24 (2d Cir. 1999).

15. Fed. R. Civ. P. 69(a) provides that the procedure to enforce a money judgment follows the procedure of the state where the federal court is located. Plaintiffs bring this motion pursuant to Fed. R. Civ. P. 69(a) in lieu of commencing a special proceeding in New York Supreme Court under CPLR §§ 5225(b) and 5227. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995).

16. In post-judgment enforcement, a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is

4

a judgment debtor or a garnishee. *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541 (2009). "In short, the principle that a New York court may issue a judgment ordering the turnover of out-of-state assets is not limited to judgment debtors, but applies equally to garnishees." *Id.* As a result, the Court of Appeals found that, "a court sitting in New York that has personal jurisdiction over a garnishee bank can order the bank to produce stock certificates located outside New York, pursuant to CPLR 5225 (b)." *Id.*

17. Plaintiff is entitled to recover all property belonging to the Judgment Debtors that is being held by U.S. Bank N.A. to satisfy, in whole or in part, the Judgment, including all interest accrued thereon.

18. Between March 27, 2024 and July 7, 2025, the day on which this motion was filed, the Judgment has accrued interest for 467 days at a rate of 5.024% per annum[1]. With a principal of $120,285.14, the Judgment has therefore accrued interest in the amount of $7,726.60 through July 7, 2025, bringing the total balance of the Judgment to $128,011.74 as of July 3, 2025. Interest on the Judgment will continue to accrue at a rate of approximately $16.55 per day after July 7, 2025, which is calculated by multiplying the annual interest rate of 5.024% by the Judgment principal and dividing the product by 365.25 days.

19. No prior application for this relief has been made before.

---

[1] This rate of 5.024% per annum is calculated in accordance with 28 U.S.C. § 1961 using data derived from the chart "Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis" available on the website of the Federal Reserve Bank of St. Louis, located at https://fred.stlouisfed.org/series/DGS1. For the week prior to the entry of judgment on March 27, 2024, the interest rates are shown to have been 5.06%, 5.06%, 5.01%, 5.01%, and 4.98%, the average of which is 5.024%.

5

**WHEREFORE**, the Motion should be granted in its entirety.

Dated: New York, New York
July 7, 2025

> */s/ Adam Sackowitz*
> Adam Sackowitz
> Katz Melinger PLLC
> 370 Lexington Avenue, Suite 1512
> New York, New York 10017
> T: (212) 460-0047
> F: (212) 428-6811
> ajsackowitz@katzmelinger.com
> *Attorneys for Plaintiffs*