EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TIFFANY GONZALEZ, JASON ESAW, MARCQUES
MCCALL, and KAYDIAN FERGUSON,

                                           Plaintiffs,

                        -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                                       Defendants.
-----------------------------------------------------------------------X

Civil Action No. 19-cv-00127

**INFORMATION
SUBPOENA WITH
RESTRAINING NOTICE**

**THE PEOPLE OF THE STATE OF NEW YORK**

To:        U.S. Bank National Association
           Attn: Legal Department – Subpoena Processing

Address:   Mail Code BC-MN-H21P
           800 Nicollet Mall, 21st Floor
           Minneapolis, MN 55402

      **WHEREAS**, in an action in the United States District Court for the Eastern District of New York, between Tiffany Gonzalez, Jason Esaw, Marcques McCall, and Kaydian Ferguson, as plaintiffs, and Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group II, LLC, Horizons Hrs, LTD., Eurosoft Inc. d/b/a Stark Talent, Tico Express, Inc., Fernando Brown, and Gary Hargrove, as defendants, who are all the parties named in said action, a judgment was entered on March 27, 2024 in favor of Tiffany Gonzalez, Jason Esaw, Marcques McCall, and Kaydian Ferguson, judgment-creditors, and against Horizons Hrs, LTD., whose last known address is 7547 Central Parke Blvd, Mason, Ohio 45040, Eurosoft Inc. d/b/a Stark Talent, whose last known address is One Pierrepont Plaza, 300 Cadman Plaza West, 12th Floor, Brooklyn, New York 11201, Tico Express, Inc., whose last known address is 3702 Avenue J, Brooklyn, New York 11210, and Fernando Brown, whose last known address is 3702 Avenue J, Brooklyn, New York 11210, judgment-debtors, in the amount of $120,285.14, of which $120,285.14, together with interest thereon from March 27, 2024, remains due and unpaid; and

      **NOW, THEREFORE, WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds and that you return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this subpoena.

      **TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable

as a contempt of court.

## RESTRAINING NOTICE

**WHEREAS**, it appears that you owe a debt to the judgment-debtor(s) or are in possession or in custody of property in which the judgment-debtor(s) has an interest,

**WHEREAS**, it appears that the judgment-debtor, **Horizons HRS, Ltd**, is associated with **Employer Identification Number xx-xxx9587,**

**WHEREAS**, it appears that the judgment-debtor, **Fernando Brown**, has a **Date of Birth of** ███ **1984** and is associated with **Social Security Number** ███ **xxxx.**

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration.  A judgment-debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated.  A restraining notice served upon a person other than the judgment-debtor is effective only if, at the time of service, he owes a debt to the judgment-debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment-debtor has an interest, or if the judgment-creditor has stated in the notice that a specified debt is owned by the person served to the judgment-debtor or that the judgment-debtor has an interest in specified property in the possession or custody of the person served.  All property in which the judgment-debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor, shall be subject to the notice.  Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs.  A judgment-creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor, for any damages sustained by reason of the restraint.  If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment-debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

Dated:  New York, New York
        July 23, 2024

_____
Adam Sackowitz
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
t: (212) 460-0047
f: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Judgment-Creditors*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TIFFANY GONZALEZ, JASON ESAW, MARCQUES
MCCALL, and KAYDIAN FERGUSON,

                                 Plaintiffs,

                 -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                               Defendants.
-----------------------------------------------------------------------X

Civil Action No. 19-cv-00127

**INFORMATION SUBPOENA WITH RESTRAINING NOTICE**

**THE PEOPLE OF THE STATE OF NEW YORK**

To:        U.S. Bank National Association
              Attn: Legal Department – Subpoena Processing

Address:    Mail Code BC-MN-H21P
              800 Nicollet Mall, 21st Floor
              Minneapolis, MN 55402

     **WHEREAS**, in an action in the United States District Court for the Eastern District of New York, between Tiffany Gonzalez, Jason Esaw, Marcques McCall, and Kaydian Ferguson, as plaintiffs, and Employer Solutions Staffing Group, LLC, Employer Solutions Staffing Group II, LLC, Horizons Hrs, LTD., Eurosoft Inc. d/b/a Stark Talent, Tico Express, Inc., Fernando Brown, and Gary Hargrove, as defendants, who are all the parties named in said action, a judgment was entered on March 27, 2024 in favor of Tiffany Gonzalez, Jason Esaw, Marcques McCall, and Kaydian Ferguson, judgment-creditors, and against Horizons Hrs, LTD., whose last known address is 7547 Central Parke Blvd, Mason, Ohio 45040, Eurosoft Inc. d/b/a Stark Talent, whose last known address is One Pierrepont Plaza, 300 Cadman Plaza West, 12th Floor, Brooklyn, New York 11201, Tico Express, Inc., whose last known address is 3702 Avenue J, Brooklyn, New York 11210, and Fernando Brown, whose last known address is 3702 Avenue J, Brooklyn, New York 11210, judgment-debtors, in the amount of $120,285.14, of which $120,285.14, together with interest thereon from March 27, 2024, remains due and unpaid; and

     **NOW, THEREFORE, WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds and that you return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

## RESTRAINING NOTICE

**WHEREAS**, it appears that you owe a debt to the judgment-debtor(s) or are in possession or in custody of property in which the judgment-debtor(s) has an interest,

**WHEREAS**, it appears that the judgment-debtor, **Horizons HRS, Ltd**, is associated with **Employer Identification Number xx-xxx9587,**

**WHEREAS**, it appears that the judgment-debtor, **Fernando Brown**, has a **Date of Birth of** ███ **1984** and is associated with **Social Security Number** ███ **xxxx.**

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration.  A judgment-debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated.  A restraining notice served upon a person other than the judgment-debtor is effective only if, at the time of service, he owes a debt to the judgment-debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment-debtor has an interest, or if the judgment-creditor has stated in the notice that a specified debt is owned by the person served to the judgment-debtor or that the judgment-debtor has an interest in specified property in the possession or custody of the person served.  All property in which the judgment-debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor, shall be subject to the notice.  Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs.  A judgment-creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor, for any damages sustained by reason of the restraint.  If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment-debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.


I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.


Dated:  New York, New York
        July 23, 2024


_____
Adam Sackowitz
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
t: (212) 460-0047
f: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Judgment-Creditors*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TIFFANY GONZALEZ, JASON ESAW, MARCQUES
MCCALL, and KAYDIAN FERGUSON,

                                Plaintiffs,

             -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                               Defendants.

------------------------------------------------------------------------X

Civil Action No. 19-cv-00127

**QUESTIONS AND
ANSWERS IN
CONNECTION WITH
INFORMATION
SUBPOENA**

STATE OF NEW YORK    )

                           )    ss.:

COUNTY OF          )

_____, being duly sworn, deposes and says:

I am the _____ of _____ and in recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient.

1.  Do you have a record of any account in which the judgment-debtor(s) may have an interest, whether under the name of the judgment-debtor(s) under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?

1A.

2.  As to each such account, what is the exact title of the account, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date closed?

2A.   Account Number          Date Opened          Amount On Deposit     Date Closed

3.  Do you have a record of any safe deposit box in which the judgment-debtor(s) may have an interest, whether under the name of the judgment-debtor(s), under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?

3A.

4.  As to each such box what is the exact designation of the lessees thereof, the date hired, the date discontinued, the names of those having access?

4A.    Box Number        Date Hired          Date Discontinued     Those Having Access

5.  Do you hold collateral in which the judgment-debtor(s) has or may have an interest?

5A.

6.  What is the description and value of each item of collateral?

6A. Description                        Value

7.  What interest does the judgment-debtor(s) or appear to have in each item of collateral?

7A.

8.  Is the judgment-debtor(s) or indebted to you now or has the judgment-debtor(s) or been indebted to you within the past 5 years?

8A.

9.  As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid and date of such repayment?  For each repayment provide the manner of payment (i.e. cash, check, wire transfer…), the name of the financial institution from which the payment was made, the account name and number from which the payment was made, and any other information relating to from where the payment was made.

9A.  Amount      Date Incurred      Amount Repaid      Date Repaid Payment Info.

10.  Do you hold any lien, mortgage or otherwise, against property of the judgment-debtor(s)?

10A.

11. What is the nature of each such lien, the full description of the property affected by the lien, the location and identity of the office of the filing or recording and full indexing information?

11A. Lien        Where Recorded or Filed        Book and Page No.

12.  Are any of the assets of the judgment-debtor(s) or in your possession or care subject to liens, attachments or other encumbrances?

12A.

13.  What are the full details of the same in regard to each asset?

13A.

14.  Do you have any other transactions with the debtor, directly or indirectly, as a result of which the judgment-debtor(s) or may now have or may in the future become entitled to, money or credit?

14A.

15.  What are the full details of each such transaction?

15A.

16.  Has the judgment-debtor(s) given you a statement of his financial condition?

16A.

17.  What assets are disclosed therein (or in the alternative supply a copy thereof)?

17A.

18.  Provide all known addresses associated with the judgment-debtor(s).

18A.

19. Provide the judgment-debtor(s)'s Federal Identification Numbers.

19A.

_____

Signature-print or type name beneath

 Sworn to before me this

_____day of_____,20__

_____

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TIFFANY GONZALEZ, JASON ESAW, MARCQUES
MCCALL, and KAYDIAN FERGUSON,

                                        Plaintiffs,

                    -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                                        Defendants.
------------------------------------------------------------------------X

Civil Action No. 19-cv-00127

**QUESTIONS AND
ANSWERS IN
CONNECTION WITH
INFORMATION
SUBPOENA**

STATE OF NEW YORK       )

                       )        ss.:

COUNTY OF              )

_____, being duly sworn, deposes and says:

I am the _____ of _____ and in recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient.

1.  Do you have a record of any account in which the judgment-debtor(s) may have an interest, whether under the name of the judgment-debtor(s) under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?

1A.

2.  As to each such account, what is the exact title of the account, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date closed?

2A.   Account Number          Date Opened          Amount On Deposit     Date Closed

3.  Do you have a record of any safe deposit box in which the judgment-debtor(s) may have an interest, whether under the name of the judgment-debtor(s), under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?

3A.

4.  As to each such box what is the exact designation of the lessees thereof, the date hired, the date discontinued, the names of those having access?

4A.   Box Number          Date Hired          Date Discontinued     Those Having Access

5.  Do you hold collateral in which the judgment-debtor(s) has or may have an interest?

5A.

6.  What is the description and value of each item of collateral?

6A. Description                              Value

7.  What interest does the judgment-debtor(s) or appear to have in each item of collateral?

7A.

8.  Is the judgment-debtor(s) or indebted to you now or has the judgment-debtor(s) or been indebted to you within the past 5 years?

8A.

9.  As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid and date of such repayment?  For each repayment provide the manner of payment (i.e. cash, check, wire transfer…), the name of the financial institution from which the payment was made, the account name and number from which the payment was made, and any other information relating to from where the payment was made.

9A.  Amount      Date Incurred      Amount Repaid      Date Repaid Payment Info.

10.  Do you hold any lien, mortgage or otherwise, against property of the judgment-debtor(s)?

10A.

11. What is the nature of each such lien, the full description of the property affected by the lien, the location and identity of the office of the filing or recording and full indexing information?

11A. Lien        Where Recorded or Filed        Book and Page No.

12.  Are any of the assets of the judgment-debtor(s) or in your possession or care subject to liens, attachments or other encumbrances?

12A.

13.  What are the full details of the same in regard to each asset?

13A.

14.  Do you have any other transactions with the debtor, directly or indirectly, as a result of which the judgment-debtor(s) or may now have or may in the future become entitled to, money or credit?

14A.

15. What are the full details of each such transaction?

15A.

16. Has the judgment-debtor(s) given you a statement of his financial condition?

16A.

17. What assets are disclosed therein (or in the alternative supply a copy thereof)?

17A.

18. Provide all known addresses associated with the judgment-debtor(s).

18A.

19. Provide the judgment-debtor(s)'s Federal Identification Numbers.

19A.

_____

Signature-print or type name beneath

Sworn to before me this

_____day of_____,20__

_____

Notary Public

EXEMPTION NOTICE
as required by New York Law

YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt."

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?

1. Supplemental security income (SSI)
2. Social security
3. Public assistance (welfare)
4. Spousal support or maintenance (alimony)
5. Child support
6. Unemployment Benefits
7. Disability benefits
8. Workers' compensation benefits
9. Public or Private Pensions
10. Veterans benefits
11. 90% of your wages or salary earned in the last 60 days
12. $2,500 of any exempt payments deposited within the last 45 days
13. Railroad retirement benefits
14. Black lung Benefits
15. COVID-19 stimulus relief for individuals and families with children

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must

(a) complete the EXEMPTION CLAIM FORM attached;

(b) deliver or mail the form to the bank with the restrained or "frozen" account; and

(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TIFFANY GONZALEZ, JASON ESAW, MARCQUES
MCCALL, and KAYDIAN FERGUSON,

                           Plaintiffs,

         -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                         Defendants.
-----------------------------------------------------------------------X

Civil Action No. 19-cv-00127

**EXEMPTION CLAIM
FORM**

ADDRESS A:

NAME AND ADDRESS OF JUDGMENT-
CREDITORS OR ATTORNEY

Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
(212) 460-0047

ADDRESS B:

NAME AND ADDRESS OF FINANCIAL
INSTITUTION

U.S. Bank National Association
Attn: Legal Department – Subpoena
Processing
Mail Code BC-MN-H21P
800 Nicollet Mall, 21st Floor
Minneapolis, MN 55402

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds
(check all that apply):

___ Supplemental security income (SSI);
___ Social security;
___ Public assistance (welfare);
___ Spousal support or maintenance (alimony);
___ Child support;

___ Unemployment Benefits;
___ Disability benefits;
___ Workers' compensation benefits;
___ Public or Private Pensions;
___ Veterans benefits;
___ 90% of your wages or salary earned in the last 60 days
___ $2,500 of any exempt payments deposited within the last 45 days
___ Railroad retirement benefits
___ Black lung Benefits
___ COVID-19 stimulus relief for individuals and families with children
___ Other (describe exemption): _____

I request that any correspondence to me regarding my claim be sent to the following address:

_____
(Fill in your complete address)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____
Date and Signature of Judgment-Debtor

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TIFFANY GONZALEZ, JASON ESAW, MARCQUES
MCCALL, and KAYDIAN FERGUSON,

                                           Plaintiffs,

                       -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                                      Defendants.
-----------------------------------------------------------------------X

Civil Action No. 19-cv-00127

**EXEMPTION CLAIM
FORM**

| ADDRESS A: | ADDRESS B: |
|---|---|
| NAME AND ADDRESS OF JUDGMENT-CREDITORS OR ATTORNEY | NAME AND ADDRESS OF FINANCIAL INSTITUTION |
| Katz Melinger PLLC<br>370 Lexington Avenue, Suite 1512<br>New York, New York 10017<br>(212) 460-0047 | U.S. Bank National Association<br>Attn: Legal Department – Subpoena Processing<br>Mail Code BC-MN-H21P<br>800 Nicollet Mall, 21st Floor<br>Minneapolis, MN 55402 |

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds
(check all that apply):

\_\_\_ Supplemental security income (SSI);
\_\_\_ Social security;
\_\_\_ Public assistance (welfare);
\_\_\_ Spousal support or maintenance (alimony);
\_\_\_ Child support;
\_\_\_ Unemployment Benefits;

\_\_\_ Disability benefits;
\_\_\_ Workers' compensation benefits;
\_\_\_ Public or Private Pensions;
\_\_\_ Veterans benefits;
\_\_\_ 90% of your wages or salary earned in the last 60 days
\_\_\_ $2,500 of any exempt payments deposited within the last 45 days
\_\_\_ Railroad retirement benefits
\_\_\_ Black lung Benefits
\_\_\_ COVID-19 stimulus relief for individuals and families with children
\_\_\_ Other (describe exemption): _____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(Fill in your complete address)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____

Date and Signature of Judgment-Debtor

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TIFFANY GONZALEZ, JASON ESAW, MARCQUES       Civil Action No. 19-cv-00127
MCCALL, and KAYDIAN FERGUSON,

                                    Plaintiffs,      **CERTIFICATE OF
                                                   SERVICE**

        -against-

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,
HORIZONS HRS, LTD., EUROSOFT INC. D/B/A STARK
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,
and GARY HARGROVE,

                                  Defendants.
-----------------------------------------------------------------------X

     I, Luisaura Castillo, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows: that on the 23rd day of July 2024, I served the within Information Subpoena with Restraining Notice, Copy of the Restraining Notice, Two Sets of Questions and Answers in Connection With Information Subpoena, Exemption Notice, Two Sets of the Exemption Claim Form, and a self-addressed stamped envelope, on the following via the United States Postal Service within New York State by certified mail, return receipt:

U.S. Bank National Association
Attn: Legal Department – Subpoena Processing
Mail Code BC-MN-H21P
800 Nicollet Mall, 21ˢᵗ Floor
Minneapolis, MN 55402

                                                          By: _____
                                                            Luisaura Castillo