# KatzMelinger

370 Lexington Avenue, Suite 1512
New York, New York 10017
www.katzmelinger.com

Adam Sackowitz                                              o: (212) 460-0047
Katz Melinger PLLC                                         f: (212) 428-6811
                                               ajsackowitz@katzmelinger.com

July 16, 2025

<u>Via ECF</u>
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     **Re**:  ***Gonzalez et al. v. Employer Solutions Staffing Group, LLC et al.***
          **<u>Civil Action No. 19-cv-00127 (ENV)(PK)</u>**

Your Honor:

     Our office represents the plaintiffs in the above-captioned matter. We respectfully submit this letter brief pursuant to the Court's instructions during the telephonic Order to Show Cause hearing held on July 10, 2025, and the Minute Entry and Order issued later that day, to supplement Plaintiffs' request for a temporary restraining order requiring U.S. Bank, N.A. to restrain all accounts belonging to judgment debtor Horizons HRS, Ltd. until the Court issues a decision on Plaintiffs' motion for a turnover order (Dkt. No. 72).

     For the reasons stated below, Plaintiffs respectfully modify their motion to withdraw their request for a TRO against U.S. Bank and instead request that the Court issue a TRO prohibiting Horizons from transferring, withdrawing, disposing, or dissipating any of its assets, including without limitation all funds held in any accounts at U.S. Bank.

### <u>A TRO Against Horizons Is Appropriate</u>

     Fed. R. Civ. P. 65 provides that a temporary restraining order will be granted only if the moving party can "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition". Under FRCP 65, a party seeking a TRO must generally demonstrate: (1) a likelihood of success on the merits; (2) a risk of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the public interest favors relief. See *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 33 (2d Cir. 2010). However, in the post-judgment context, courts frequently recognize that the "likelihood of success" element is satisfied where the movant already holds a

valid, enforceable judgment. See *Smagin v. Yegiazaryan,* 2016 WL 11676607, at *2 (C.D. Cal. Nov. 14, 2016), *aff'd*, 733 F. App'x 393 (9th Cir. 2018); *Thomas v. Hughes*, 27 F.4th 363, 368–70 (5th Cir. 2022).

Federal courts possess equitable authority to restrain a judgment debtor's assets to prevent frustration of a judgment. See *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 243 (2d Cir. 2013). In *Gucci Am., Inc. v. Weixing Li*, the district court issued a TRO restraining the defendants, whom the plaintiffs accused of manufacturing, distributing, and selling counterfeit luxury goods, not only from engaging in such activities and using the plaintiffs' trademarks, but also from "transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein". *Gucci Am., Inc. v. Weixing Li*, No. 10 Civ. 4974 (RJS), Dkt. No. 3 (S.D.N.Y. July 2, 2010).[1] While the order granting the TRO does not articulate the basis underlying the Court's decision, the plaintiffs argued simply that (a) in prior actions against counterfeiters, the plaintiffs were able to recover significantly more money in cases in which the defendants' assets were frozen compared with those in which the defendants' accounts were not frozen, (b) the defendants were engaged in an illegitimate business and were therefore likely to hide their assets and disobey Court orders, and (c) the defendants were domiciled outside of New York which would make it easier for them to keep their assets outside the reach of the plaintiffs. *Id.* at Dkt. No. 6.[2]

The justifications for restraining Horizons' assets are similar to those articulated by the plaintiffs in *Gucci*. While Horizons' business may be legitimate, Horizons has demonstrated a willful disregard for judicial authority by ignoring this lawsuit, including this Court's orders, and Plaintiffs' duly served Information Subpoena with Restraining Notice and have made no efforts to satisfy the Judgment. Horizons is also domiciled outside of New York, which will allow Horizons to keep their assets outside of Plaintiffs' reach. Moreover, Plaintiffs will undoubtedly have more success satisfying the Judgment if the Court restrains Horizons from transferring or dissipating its assets.

Most notably, the Court in *Gucci* issued a TRO restraining the defendants from transferring or dissipating any of their assets, including cash, without any evidence indicating that the defendants intended or were likely to move their assets or that the defendants would stop depositing money into their accounts but for the restraint. It stands to reason that many defendants, facing the risk of a substantial judgment being entered against them, would take steps to hide or shield their assets to prevent the plaintiffs from levying on them. The same is true here, particularly where liability has already been determined and there is no doubt that Plaintiffs are entitled to seize Horizons' assets to satisfy the Judgment.

Plaintiffs will suffer irreparable harm absent a TRO against Horizons. Irreparable harm exists "where, but for the grant of equitable relief, there is a substantial chance that upon final

---

[1] A copy of the TRO is attached as **Exhibit 7** (Exhibit numbers continue from Plaintiff's motion).

[2] A copy of the plaintiffs' memorandum of law in support of their request for a TRO is attached as **Exhibit 8**.

resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chem., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).

Initially, the history of transactions related to Horizons' accounts at U.S. Bank demonstrate that the funds that are currently on deposit will almost certainly be spent, transferred, or withdrawn should Horizons be permitted to continue accessing its accounts. Moreover, once Horizons learns of this proceeding and the relief Plaintiffs seek, nothing would stop Horizons from removing or transferring all of its funds from its accounts at U.S. Bank to a different account, or a different person or entity, in order to frustrate Plaintiffs' efforts to satisfy the Judgment. Horizons' willful disregard of judicial process in this action, coupled with a natural desire to protect one's assets, makes it highly likely that Horizons will take steps to hide or move its assets unless it is prevented from doing so.

As to the remaining factors, the balance of equities and public interest undoubtedly tips in Plaintiffs' favor. In weighing these factors, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief ... pay[ing] particular regard for the public consequences" that would result in granting the relief sought. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quotation marks omitted). While Horizons' business may be disrupted by the TRO, such a disruption pales in comparison to the harm Plaintiffs would suffer were Horizons permitted to move its assets out of Plaintiffs' reach. Additionally, Plaintiffs note that Horizons has had ample opportunity to defend this litigation, settle Plaintiffs' claims, and/or satisfy the judgment, all of which would have allowed Horizons to try and resolve this action on its own terms without any potential impact on its operations. Instead, Horizons chose to ignore Plaintiffs' claims and duly served subpoena and should forfeit any claim that freezing assets necessary to satisfy the Judgment is unfair or inequitable. *See Mishcon de Reya New York LLP v. Grail Semiconductor, Inc.*, No. 11 Civ. 4971 (JMF), 2012 WL 5512240, at *2 (S.D.N.Y. Nov. 13, 2012) (where the respondent failed to satisfy its judgment within 7 months, the Court determined that "the balance of equities now tilts heavily in favor of allowing Petitioner to collect on its judgment").

Regarding public interest, while the public has no direct interest in this dispute, public interest undoubtedly weighs in favor of judgment debtors satisfying their debts.

Accordingly, Plaintiffs seek the narrowly tailored relief of a TRO to prevent Horizons from dissipating its assets and further frustrating Plaintiffs' efforts to satisfy the Judgment pending the Court's decision on Plaintiffs' motion for a turnover order. Plaintiffs have demonstrated that the debtor has refused to satisfy the judgment, ignored multiple enforcement attempts, and continues to move funds in and out of its accounts. Such conduct justifies temporary injunctive relief under Rule 65 to preserve the status quo and protect the enforceability of the judgment.

### Efforts to Contact Horizons HRS Ltd.

Our office has made repeated efforts to contact Horizons HRS Ltd., both during the lawsuit and after judgment was entered on March 27, 2024. After Horizons initially failed to appear in the lawsuit, our office sent letters to Horizons, via mail and email, advising Horizons of their default and reminding Horizons of the date, time, and location of the evidentiary hearing scheduled with

AAA. Copies of the aforementioned letters are attached hereto as **Exhibit 9**. Plaintiffs' counsel also served several documents, including the Summons and Complaint, Amended Complaint, and motions, on Horizons throughout the lawsuit. *See e.g.* Dkt. Nos. 10, 50, 56, and 61. Despite Plaintiffs' counsel's efforts, Horizons defaulted in the lawsuit and never contacted our office after its counsel withdrew from the litigation.

On or around June 25, 2024, Plaintiffs served an Information Subpoena with Restraining Notice on Horizons. A copy of the Information Subpoena with Restraining Notice is attached hereto as **Exhibit 10**. Plaintiffs' counsel subsequently sent two letters to Horizons – on August 22, 2024 and October 25, 2024 – enclosing a copy of the Information Subpoena with Restraining Notice and demanding that Horizons comply with the subpoena. Copies of the aforementioned letters are attached hereto as **Exhibit 11**. Horizons never responded to the subpoena or contacted our office.

Horizons willfully defaulted in the lawsuit, failed to comply with Plaintiffs' subpoena, and did not respond to two follow-up letters Plaintiffs' counsel sent to Horizons. Based on Horizons' pattern of conduct, Plaintiffs' counsel does not believe that further efforts to contact Horizons would be fruitful.

### The Court Has the Authority to Restrain Horizons' Assets Outside of New York

The Second Circuit has made clear that Horizons' assets, including monies held in its accounts at U.S. Bank, are subject to restraint by this Court regardless of where they or Horizons are located. In *Gucci*, the Court expressly rejected non-party Bank of China's argument that personal jurisdiction over the bank was required for the district court to issue a TRO and asset freeze restraining the defendant's assets that were in the bank's possession, given that the bank was not directly impacted by the injunction. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 129 (2d Cir. 2014) (citing *NML Cap., Ltd. v. Republic of Argentina*, 727 F.3d 230, 243 (2d Cir. 2013)). Thus, personal jurisdiction over the defendant, rather than the bank, was all that was needed for the district court to restrain the defendant's assets pending trial. *Id.* (citing *United States v. First Nat'l City Bank*, 379 U.S. 378, 384 (1965)). That being said, the Court noted that a bank that fails to restrain an account containing enjoined assets may be found liable for violating a court's order pursuant to Fed. R. Civ. P. 65(d). *Id.* at 129-30.

Plaintiffs respectfully modify their request that the Court enjoin U.S. Bank from disposing of any assets in Horizons' accounts, and instead request that the Court enjoin Horizons from transferring, withdrawing, disposing, or otherwise dissipating its assets, including any funds held in Horizons' accounts at U.S. Bank, pending a decision on Plaintiffs' motion for a turnover order.

We thank the Court for its consideration of this request.

Respectfully submitted,

Adam Sackowitz