```
                     UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF NEW YORK (BROOKLYN)
```

| | |
|---|---|
| TIFFANY GONZALEZ,<br><br>        Plaintiff,<br><br>v.<br><br>EMPLOYER SOLUTIONS STAFFING<br>GROUP, LLC, et al,<br><br>        Defendants. | Case No. 1:19-cv-00127-ENV-PK<br><br>Brooklyn, New York<br>September 30, 2025<br>11:06 a.m. |

```
               TRANSCRIPT OF SHOW CAUSE HEARING
              BEFORE THE HONORABLE PEGGY KUO
                UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Zachary A. Westenhoefer, Esq.<br>Katz Melinger, PLLC<br>370 Lexington Avenue<br>Ste 1512<br>New York, NY 10017 |
| For the Defendants: | n/a |
| Clerk: | CCR |
| Court Recorder: | Electronic Sound Recording |
| Transcription Service: | Chris Hwang<br>Abba Reporting<br>PO Box 223282<br>Chantilly, Virginia 20153<br>(518) 302-6772 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

1  (Call to order at 11:06 a.m.)
2  THE CLERK: This is civil cause for a show cause
3  hearing, Gonzalez v. Employer Solutions Staffing Group, LLC, et
4  al, docket number 19-CV-127, Magistrate Judge Peggy Kuo
5  presiding.
6  Would the parties please state their appearances,
7  beginning with the Plaintiff?
8  MR. WESTENHOEFER: Yes, good morning, Your Honor. My
9  name is Zachary Westenhoefer. I'm with Katz Melinger, PLLC, at
10 370 Lexington Avenue, Street 1512 in New York, New York, 10017
11 representing all the Plaintiffs.
12 THE COURT: All right. Good morning, Mr.
13 Westenhoefer. I note for the record that there are no
14 Defendants present and there are no interested parties.
15 Have you been contacted by any interested parties?
16 MR. WESTENHOEFER: No, Your Honor, we have not.
17 THE COURT: Okay, so this was scheduled for a show
18 cause hearing with notice to any interested parties and to the
19 Defendants who default or at least the ones at issue here
20 defaulted.
21 The Plaintiffs filed a request for a TRO as well as a
22 turnover. The TRO was denied, but the turnover order is set
23 for today. So I'll hear from you, Mr. Westenhoefer, on what
24 you want the Court to do and how we should be going about this.
25 MR. WESTENHOEFER: Yes, Your Honor. Judgment was

1  entered in March of last year against the defaulting
2  Defendants.  The Employer Solutions Defendants and Gary
3  Hargrove had settled out previously.
4         Since that time, I don't believe we'd collect
5  anything on the judgment, which remains outstanding.  On March
6  27th, 2024, it was $120,285.14.
7         Since that time, we issued subpoenas.  And subpoenas
8  that landed with U.S. Bank, N.A. showed that Defendant and
9  judgment debtor Horizon HRS -- I'm sorry, excuse me, Horizon's
10  HRS, Limited did have two accounts or does have two accounts
11  with U.S. Bank and we submitted the copies of account
12  statements, those are Exhibits 5 and 6, showing that somewhere
13  between 150- and $200,000 flows through those accounts on a
14  monthly basis, the funds which would obviously satisfy our
15  judgment.
16         So we've asked in accordance with both federal and
17  New York law for a turnover order against U.S. Bank., N.A.
18  compelling them to turn over the funds to satisfy that
19  judgment.
20         All right, and how did you ascertain that the --
21  these accounts belong to the Defendants against whom the
22  judgment was entered?  The -- it does say Horizon's HRS LTT,
23  but there are -- I'm looking at the contact information on the
24  first page of the most recent account statement and there are
25  two different addresses.  Both of them are in Mason, Ohio.  So

```
 1  do you know anything about that?
 2              MR. WESTENHOEFER:  Your Honor, I did -- in the
 3  interest of saving paper, I didn't print out those particular
 4  exhibits --
 5              THE COURT:  Uh-huh.
 6              MR. WESTENHOEFER:  -- because it's hundreds of pages.
 7              THE COURT:  Yes, of course.
 8              MR. WESTENHOEFER:  Oh.
 9              THE COURT:  I just picked the first page, okay.
10              MR. WESTENHOEFER:  But to my recollection, as a
11  matter of procedure, we also give the EIN and it was identified
12  by the EIN.
13              THE COURT:  Okay, so the EIN is on the account
14  statements or those are what was given to the bank?
15              MR. WESTENHOEFER:  That was what was given to the
16  bank and the bank responded accordingly.
17              THE COURT:  Got it.  Very good.  So you're fairly
18  confident based on that that this belongs to the Defendants and
19  -- the defaulting defendant --
20              MR. WESTENHOEFER:  Yes, Your Honor.
21              THE COURT:  At least one of them in this case.
22              MR. WESTENHOEFER:  Yes, Your Honor.
23              THE COURT:  Okay, and I also see that you sent notice
24  to those Defendants of today's conference.
25              MR. WESTENHOEFER:  As well as the nonparty U.S. Bank.
```

1    THE COURT:  And U.S. Bank.  And U.S. Bank is not
2    indicating that he -- interested in appearing.
3    MR. WESTENHOEFER:  That's correct.
4    THE COURT:  Okay, and I also understood from your
5    papers that you have not been able to reach the defaulting
6    parties notwithstanding its -- your efforts?
7    MR. WESTENHOEFER:  That's correct.
8    THE COURT:  Okay.  All right, okay, so you do have
9    Verizon HRS as being located in Ohio or is that the address
10   because of the bank?
11   MR. WESTENHOEFER:  I can't -- I'm unable to answer
12   that question about it.
13   THE COURT:  Okay, no, that's fine.
14   MR. WESTENHOEFER:  I apologize.
15   THE COURT:  That's all right, that's all right.
16   Because the others are located in Brooklyn.  All right, so tell
17   me what I need to find.
18   MR. WESTENHOEFER:  Yes, Your Honor.
19   THE COURT:  That you're asking the Court to find?
20   MR. WESTENHOEFER:  Yes, Your Honor.  We are asking --
21   one moment, please.  So we're asking for a turnover order
22   pursuant to Federal Rule 69A, which allows us to incorporate
23   New York law.
24   In this particular case, it's CPLR 5225(b) and 5227,
25   which would compel U.S. Bank to turn over the funds to satisfy

1  in whole or in part the judgment.

2          THE COURT: And what does the Court need to find?

3          MR. WESTENHOEFER: I'm not sure what the Court is
4  asking.

5          THE COURT: Do I need to make any findings in order
6  to issue that order?

7          MR. WESTENHOEFER: You would need -- I'm sorry, the
8  Court would need to find that U.S. Bank, N.A. is in possession
9  of funds belonging to Defendant and judgment Debtor Horizon
10 HRS, Ltd. and that U.S. Bank, N.A. should turn over those funds
11 accordingly.

12         THE COURT: Okay, and the funds will then be turned
13 over to counsel for the Plaintiffs.

14         MR. WESTENHOEFER: That's correct, Your Honor.

15         THE COURT: Okay. Do you have any updated
16 information or the January 2025 is the most recent information
17 you have on these accounts? That's what you submitted to the
18 Court and I just wasn't sure since it's now end of September
19 whether you have any updates?

20         MR. WESTENHOEFER: No, Your Honor, we do not.

21         THE COURT: Okay, because I see for one account, it's
22 about $13,000 and the other account's about 16,000.

23         MR. WESTENHOEFER: Yes, Your Honor. I went through
24 the account briefly and I see that the funds flow in and right
25 back out.

1       THE COURT: Okay.

2       MR. WESTENHOEFER: So it is an average about 150- to
3  200,000 that flows in and out every other month.

4       THE COURT: Okay, but the amount you would be asking
5  to turn over is what's the balance there at this particular
6  moment?

7       MR. WESTENHOEFER: That's correct.

8       THE COURT: All right, okay. All right, so I think
9  that's all I need. I would need to issue -- I find this is an
10 order to show cause. I don't find cause for the turnover order
11 not to be entered.

12      I will -- I'm trying to think now that I think about
13 it, whether I can enter the order or whether it needs to go
14 through a district judge, but in any event, I will either make
15 a finding that it should be -- or a recommendation that it
16 should be ordered or enter the order myself.

17      And so then, that will be directed to the bank, so
18 that the bank will turn over the funds to you in partial
19 satisfaction of the judgment, okay.

20      MR. WESTENHOEFER: Thank you, Your Honor.

21      THE COURT: All right, that's all I have.

22      MR. WESTENHOEFER: Okay. Thank you.

23      (Proceedings concluded at 11:13 a.m.)

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ *Chris Hwang*
_____                October 7, 2025
Chris Hwang                     Date
Court Reporter