# KatzMelinger

370 Lexington Avenue, Suite 1512
New York, New York 10017
www.katzmelinger.com

| | |
|---|---|
| Adam J. Sackowitz | t: (212) 460-0047 |
| Katz Melinger PLLC | f: (212) 428-6811 |
| | ajsackowitz@katzmelinger.com |

January 9, 2026

**Via ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***Tiffany Gonzalez et al. v. Employer Solutions Staffing Group, LLC et al.***
> **Civil Action No. 19-cv-00127**

Your Honor:

We represent the plaintiffs in the above-captioned matter and submit this letter brief to show cause why this Court has personal jurisdiction over U.S. Bank, N.A. in order for Plaintiffs to proceed with seeking a turnover order by motion instead of by special proceeding, as directed by the Order to Show Cause issued on December 30, 2025.

### Plaintiffs May Obtain a Turnover Order by Motion Pursuant to Fed. R. Civ. P. 69(a) and CPLR § 5225(b)

"A motion to enforce a money judgment is governed by Rule 69(a), which provides that 'proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located.'" *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469 (2d Cir. 2018) (quoting Fed. R. Civ. P. 69(a)). In New York, CPLR § 5225(b) authorizes a judgment creditor to commence a turnover proceeding against a garnishee or transferee:

> [u]pon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or  against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor …

CPLR § 5225(b). Although CPLR § 5225(b) refers to "special proceedings," a judgment creditor seeking a turnover order against a non-party garnishee may do so by motion pursuant to Fed. R.

Civ. P. 69 rather than by special proceeding in state court. *See CSX Transp.*, 879 F.3d at 469 ("[A] party seeking a money judgment against a non-party garnishee may proceed by [Rule 69] motion and need not commence a special proceeding[.]"); *Vera v. Republic of Cuba*, 802 F.3d 242, 244 n.3 (2d Cir. 2015) ("[T]he filing requirements of a 'special proceeding' under New York law need not be strictly adhered to as long as there is no prejudice to the opposing party in giving notice of the claims and framing the issues.") (citation omitted); *see also N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 581-82 (S.D.N.Y. 2012) (noting that "[n]early every court in this Circuit to consider the issue has held that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law").

CPLR 5225(b) "provides for a two-step analysis in determining whether property belonging to a judgment debtor—but in the possession of a third party—should be turned over to a judgment creditor." *Beauvais v. Allegiance Securities, Inc.*, 942 F.2d 838, 840 (2d Cir. 1991). "First, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach." *Id*. (quoting N.Y. C.P.L.R. § 5225(b)). "Where this first step is satisfied, the trial court must, second, then make one of two findings: it must find either that the judgment debtor is 'entitled to the possession of such property,' or it must find that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Id*.

Here, Plaintiffs seek a turnover order against U.S. Bank, a third-party garnishee that is in possession of monies belonging to judgment debtor Horizons HRS, Ltd. Horizons clearly has an interest in the monies in its bank accounts, and Plaintiffs are entitled to said monies based on their valid and enforceable judgment against Horizons, which remains unsatisfied. The Court may and should therefore grant Plaintiffs' motion for a turnover order against U.S. Bank for the monies in its possession belonging to or in which Horizons has an interest, up to an amount necessary to satisfy Plaintiffs' judgment against Horizons.

### The Court Has Personal Jurisdiction Over U.S. Bank Through New York's Long-Arm Statute

"[A] party seeking a money judgment against a non-party garnishee may proceed by [Rule 69(a)] motion and need not commence a special proceeding [under CPLR § 5225(b)], as long as the court has personal jurisdiction over the garnishee." *CSX Transp.*, 879 F.3d at 469 (quoting CPLR § 5225(b)).

This Court does not appear to have general jurisdiction over U.S. Bank, a Delaware corporation with its headquarters in Ohio. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("[w]ith respect to a corporation, the place of incorporation and principal place of business" are the paradigm bases for general jurisdiction). However, New York's long-arm statute provides this Court with personal jurisdiction over U.S. Bank.

In New York, specific jurisdiction is provided for in CPLR § 302. "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007) (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71 (N.Y. 2006)).

As to the first element, the Court must determine, under the totality of the circumstances, whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within New York . . . thereby invoking the benefits and protections of its laws." *Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 18-19 (E.D.N.Y. 2016) (citing *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012)); *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 298 (2017) ("[P]urposeful availment occurs when the non-domiciliary seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship.") (citation & internal quotation marks omitted). For foreign banks, purposeful availment has been found where the bank "maintained physical bank branches in New York … and advertised their services in the forum". *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 328 (S.D.N.Y. 2018), *aff'd*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018); *Gucci Am., Inc. v. Li*, 135 F. Supp. 3d 87, 94 (S.D.N.Y. 2015) (same).

There can be no dispute that U.S. Bank purposefully availed itself of the benefits and protections of New York law. U.S. Bank's website confirms that U.S. Bank maintains an office in midtown Manhattan through which it employs a "New York City team" of nine Private Wealth Advisors.[1] U.S. Bank also advertises its commercial banking business to customers throughout the Northeast, including New York, proclaiming that, "[f]rom New York and New Jersey to Maine and Massachusetts, we're by your side to guide your business for growth.[2] U.S. Bank's presence and activities in New York are clearly sufficient to satisfy the first prong of CPLR § 302(a)(1). *See Fabric Selection, Inc. v. A & T Trading US, Inc.*, No. 20-MISC-864(ARR)(VMS), 2021 WL 811371, at *4 (E.D.N.Y. Feb. 5, 2021), *report and recommendation adopted sub nom.*, *Fabric Selection, Inc. v. A&T Trading US, Inc.*, No. 20-MC-864 (ARR)(VMS), 2021 WL 810340 (E.D.N.Y. Mar. 3, 2021) (finding that TD Bank purposefully availed itself of New York jurisdiction through its business activities by having a physical location in New York, offering its services to New York customers, and soliciting the business of such customers).

"As for the second part of the test, '[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York.'" *Best Van Lines, Inc.*, 490 F.3d at 246 (quoting *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998)). Under CPLR § 302, a single transaction can give rise to specific jurisdiction, as long as the plaintiff's claims raised have a substantial relationship to the transaction. *See Grimaldi v. Guinn*, 72 A.D.3d 37, 44 (2d Dep't 2010) (collecting cases). "This inquiry does not require a causal relationship between the business transaction and legal claim asserted, only that 'the latter is not completely unmoored from the former.'" *Nike, Inc.*, 349 F. Supp. 3d at 328 (quoting *Licci*, 20 N.Y.3d at 338). "This inquiry is 'relatively permissive' and an articulable nexus or substantial relationship exists 'where at least one element arises from the New York contacts' rather than 'every element of the cause of action pleaded.'" *D&R Glob. Selections, S.L.*, 29 N.Y.3d at 299 (quoting *Licci*, 20 N.Y.3d at 339)).

In the instant action, Plaintiffs seek the turnover of funds from accounts that U.S. Bank operates and maintains on behalf of Horizons, an entity over whom this Court exercised personal jurisdiction in this action. Specifically, Plaintiffs established that Horizons provided staffing,

---

[1] https://www.usbank.com/wealth-management/private-wealth-management/near-me/ny/new-york/1095-avenue-of-the-americas/ (last visited Jan. 7, 2026).
[2] https://www.usbank.com/corporate-and-commercial-banking/why-choose-us/northeast.html (last visited Jan. 7, 2026).

human resources, and other services to businesses throughout the country, including New York, and assigned Plaintiffs to work at defendant Tico Express. *See* Amended Complaint (Dkt. No. 18) at ¶¶ 10, 15, 18. In its Revised Report and Recommendation granting Plaintiffs' motion for a default judgment, the Court noted that it "has personal jurisdiction over Horizons and Stark because Horizons and Stark transact business within New York and were properly served with the Summons and Amended Complaint." Dkt. No. 68 at II.C. Under similar circumstances, courts in this Circuit have rejected foreign banks' arguments that the requisite nexus was lacking where the judgment debtors' accounts were not maintained in New York, where none of the bank's operations "[had] any relationship to the underlying action", and where the plaintiff's submissions did not indicate whether the judgment debtor's accounts were specifically maintained in New York. *See Nike, Inc.*, 349 F. Supp. 3d at 328; *Fabric Selection, Inc.*, 2021 WL 811371, at *5. Horizons conducted sufficient business in New York for this Court to establish personal jurisdiction over it, with Horizons' business activities generating revenues that were presumably deposited in Horizons' accounts at U.S. Bank, upon which this motion is based. Such a connection between Horizons' New York activities and the U.S. Bank accounts at issue is sufficient to establish an articulable nexus between Plaintiffs' motion for a turnover order and U.S. Bank's activities in New York.

### The Court Should Permit Plaintiffs to Serve the Turnover Motion on U.S. Bank and Provide U.S. Bank With an Opportunity to Respond Once the Motion is Served

Motions brought under Fed. R. Civ. P. 69 must be served on a transferee or garnishee "in the same manner as a summons in an action." *Saregama India, Ltd. v. Mosley*, 12 Misc. 45 (LAK), 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012) (denying motions for turnover orders for lack of personal jurisdiction due to failure to serve process on non-party garnishees). "In providing notice to the garnishee banks, a plaintiff may not rely on the less stringent notice requirement set forth for the judgment debtor, a party who is not a respondent in a turnover proceeding and over whom, unlike respondents in such actions, the court does not need to have personal jurisdiction." *Allstate Ins. Co. v. Mirvis*, No. 08 Civ. 4405 (PKC) (PK), 2018 WL 4921631, at *10 (E.D.N.Y. Sept. 4, 2018) (citation & internal quotation marks omitted).

Plaintiffs commenced the instant turnover motion on July 7, 2025 by Order to Show Cause. Dkt. No. 72. Orders to Show Cause are typically filed and granted *ex parte* to expedite the motion process, with the signed order prescribing the time and means of service of the order and supporting papers. Plaintiffs therefore did not serve a copy of their motion on U.S. Bank before filing the Order to Show Cause.

On July 9, 2025, the Court issued a Text Order scheduling an *ex parte* hearing on Plaintiffs' motion, and following said hearing issued a Minute Entry and Order granting Plaintiffs leave to supplement their motion with a letter brief. Because the Court did not sign Plaintiffs' proposed order and scheduled an *ex parte* hearing, Plaintiffs did not serve a copy of their motion on U.S. Bank after the motion was filed. Additionally, the Report and Recommendation dated August 7, 2025 denying Plaintiff's motion, and the Order dated August 26, 2025 adopting the Report and Recommendation, instructed Plaintiffs only to serve copies of the Report and Recommendation and Order adopting the Report and Recommendation, and any subsequent orders related to Plaintiffs' motion, on Horizons, and those documents were therefore not served on U.S. Bank.

Plaintiffs did, however, serve on U.S. Bank copies of the Scheduling Order dated August 28, 2025 (*see* Dkt. No. 75) and the Order granting Plaintiffs' motion to adjourn the show cause hearing dated September 4, 2025 (*see* Dkt. No. 78).

Plaintiffs should be afforded an opportunity to serve U.S. Bank with a copy of Plaintiffs' motion papers, and any other documents related thereto not previously served on U.S. Bank, upon which service personal jurisdiction over U.S. Bank will be established. U.S. Bank should thereafter be provided an opportunity to respond to Plaintiffs' motion for a turnover order before the Court renders its decision.

### Exercising Personal Jurisdiction Over U.S. Bank Comports with Due Process

Having satisfied the elements of New York's long-arm statute,[3] Plaintiffs must also establish that the exercise of personal jurisdiction over U.S. Bank comports with the Due Process Clause." *Okla. Firefighters Pension & Ret. Sys. v. Banco Santander (Mexico) S.A. Institucion de Banca Multiple*, 92 F.4th 450, 456 (2d Cir. 2024). This analysis "has two parts of its own: minimum contacts and reasonableness."

To satisfy the minimum contacts requirement, "the defendant must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* (alterations adopted and internal quotation marks omitted). At the same time, "the plaintiff's claims must arise out of or relate to the defendant's contacts with the forum." *Id.* (alterations adopted and internal quotation marks omitted). For the reasons discussed above regarding U.S. Bank's purposeful availment, Plaintiffs' claim for a turnover order satisfies the minimum contacts prong of the due process analysis. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010) ("We conclude that assertion of personal jurisdiction over [the defendant] comports with due process for the same reasons that it satisfies New York's long-arm statute."); *Licci III*, 732 F.3d at 170 (noting that while "personal jurisdiction permitted under [New York's] long-arm statute may theoretically be prohibited under due process analysis, we would expect such cases to be rare").

Regarding reasonableness, Courts analyze five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 273 (2d Cir. 2023), *cert. denied*, ⸺ U.S. ⸺, 144 S. Ct. 681, 217 L.Ed.2d 382 (2024) (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)). When a plaintiff satisfies the minimum contacts requirement, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002)).

The totality of the circumstances related to the above factors weigh heavily in favor of a finding of reasonableness. First, exercising jurisdiction over U.S. Bank will impose a minimal

---

[3] As noted *supra*, personal jurisdiction over U.S. Bank will be established upon the service of Plaintiffs' motion papers on U.S. Bank.

burden on U.S. Bank, if any, given that U.S. Bank has purposefully availed itself of the jurisdiction of New York and would be subject to the same burden of complying with a turnover order regardless of whether such order was issued by a court sitting in New York, Delaware, or Ohio. Second, New York has a substantial interest in the enforcement of judgments entered in its courts in favor of its residents. As to the third and fourth factors, the issuance of a turnover order by this Court would prove much more convenient for both Plaintiffs and the interstate judicial system than requiring Plaintiffs to domesticate the Judgment in a foreign state and commence a new turnover action against U.S. Bank in a different forum. Regarding the final factor, the states should have a shared interest in judgment creditors satisfying their judgments in the most expedient manner possible. Absent the presentation by U.S. Bank of a "compelling case" that the exercise of jurisdiction over U.S. Bank would be unreasonable, the Court should find that due process has been satisfied and that this Court has personal jurisdiction over U.S. Bank. *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th at 273; *Bank Brussels Lambert*, 305 F.3d at 129.

Based on the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs leave to serve their motion papers on U.S. Bank and, following U.S. Bank's response to the motion or its failure to respond within a reasonable time set by the Court, grant Plaintiff's motion for a turnover order against U.S. Bank.

Respectfully submitted,

Adam Zackowitz