UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x

TIFFANY GONZALES, JASON ESAW, MARQUES   :
MCCALL, AND KAYDIAN FERGUSON,   :

               Plaintiffs,   :

  :

       - against -   :

  :   **MEMORANDUM**

EMPLOYER SOLUTIONS STAFFING GROUP, LLC,   :   **AND ORDER**
EMPLOYER SOLUTIONS STAFFING GROUP II, LLC,   :
HORIZONS HRS, LTD., EUROSOFT INC. d/b/a STARK   :   19-CV-127 (ENV)(PK)
TALENT, TICO EXPRESS, INC., FERNANDO BROWN,   :
and GARY HARGROVE,   :

            Defendants.   :

  :

------------------------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Before the Court is a motion ("Motion") filed by Plaintiffs Tiffany Gonzales, Jason Esaw, Marques McCall, and Kaydian Ferguson for an order pursuant to Federal Rule of Civil Procedure 69(a) and New York Civil Practice Law and Rules ("C.P.L.R.") Section 5225, directing U.S. Bank National Association ("U.S. Bank") to turn over funds currently held by U.S. Bank in accounts belonging to Defendant Horizons HRS, Ltd. ("Horizons"). (*See* Mot. for a Turnover Order & TRO, Dkt. 72.)  For the reasons stated below, the Motion is granted.

### BACKGROUND

On January 8, 2019, Plaintiffs brought this action against Employer Solutions Staffing Group, LLC ("ESSG"), Employer Solutions Staffing Group II, LLC ("ESSG II"), Horizons, Eurosoft Inc. d/b/a Stark Talent ("Stark"), Tico Express, Inc. ("Tico Express"), Fernando Brown ("Brown"), and Gary Hargrove ("Hargrove") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* (*See* Am. Compl., Dkt. 18.)  Plaintiffs entered into a settlement agreement with Defendants ESSG, ESSG II, and Hargrove, and the case

1

against them was dismissed. (*See* Stipulation of Dismissal, Dkt. 38.) After Defendants Tico Express, Horizons, Stark, and Brown ("Defaulting Defendants") ceased participating in this case, Plaintiffs moved the Court for a default judgment against them. (Mot. for Default J., Dkt. 60.) On March 27, 2024, the Court granted the motion and entered Judgment against the Defaulting Defendants jointly and severally in the total amount of $120,285.14, plus post-judgment interest. (*See* Default J., Dkt. 70.)

Plaintiffs served subpoenas on U.S. Bank and received documents showing two accounts at U.S. Bank belonging to Horizons, with account numbers ending in 9704 and 4325 (the "Accounts"). (Decl. of Adam Sackowitz ("Sackowitz Decl.") at 2, Dkt. 72-1.) On July 7, 2025, Plaintiffs filed a motion for an order directing U.S. Bank to turn over all assets held in the Accounts, up to the amount of the judgment. (*See* Dkt. 72.)

The Court denied Plaintiffs' request for a temporary restraining order (Aug. 26, 2025 Order), but held a show cause hearing regarding their request for a turnover order on September 30, 2025. No Defaulting Defendants or interested parties appeared. (*See* Sep. 30, 2025 Min. Entry.)

The Court ordered Plaintiffs to show cause how it has personal jurisdiction over U.S. Bank, to which Plaintiffs responded with additional briefing. (Pls. Supp. Br., Dkt. 80.)

## DISCUSSION

### I.    Legal Standard for Motion for Turnover Order

Execution of a judgment is governed by Federal Rule of Civil Procedure 69(a), which provides, in relevant part, that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." No federal statute is applicable here; thus, the Motion is governed by the procedures set forth in New York's C.P.L.R. Section 5225(b). *See Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991).

2

C.P.L.R. Section 5225(b) "enables a judgment creditor to commence a 'special proceeding' against a third party who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest." *CSX Trans., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018). However, "a party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *Id.* at 469.

C.P.L.R. Section 5225(b) "provides a two-step analysis in determining whether property belonging to a judgment debtor—but in the possession of a third party—should be turned over to a judgment creditor." *Beauvais*, 942 F.2d at 840. First, the judgment creditor must show that the "judgment debtor has an interest in the property the creditor seeks to reach." *Id.* (internal citations omitted). Then, the trial court "must find either that the judgment debtor is entitled to the possession of such property, *or* it must find that the judgment creditor' rights to the property are superior to those of the party in whose possession it is." *Id.* (emphasis in original) (citation modified). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor . . . ." *Id.* at 840–41 (citation modified).

## II.   Analysis

### A.  *Personal Jurisdiction over U.S. Bank*

Plaintiffs contend that this Court has personal jurisdiction over U.S. Bank because "U.S. Bank purposefully availed itself of the benefits and protection of New York" and "Horizons' business activities that were presumably deposited in Horizons' accounts at U.S. Bank." (Pls. Supp. Br. at 3–4.) Plaintiffs also argue that exercising personal jurisdiction over U.S. Bank comports with due process. (*Id.* at 5–6.)

"With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation

modified). "[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020) (citation modified).

Because U.S. Bank is not incorporated in New York and does not maintain a principal place of business in New York,[1] this Court does not have general jurisdiction over it.

The Court, thus, considers whether there is specific jurisdiction. *See Fabric Selection, Inc. v. A&T Trading U.S., Inc.*, No. 20-CV-864 (ARR) (VMS), 2021 WL 811371, at *4 (E.D.N.Y. Feb. 5, 2021). "First, the court applies the forum's long-arm statute. Second, if the long-arm statute permits the exercise of jurisdiction, the court determines whether that exercise would comport with the Due Process Clause. Step two has two parts of its own: minimum contacts and reasonableness." *Okla. Firefighters Pension & Ret. Sys. v. Banco Santander (México) S.A. Institución de Banca Multiple*, 92 F.4th 450, 456 (2d. Cir. 2024) (citation modified). For the reasonableness inquiry under the Due Process Clause, courts consider the following factors: (1) the burden on the party over whom personal jurisdiction would be exercised, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the determination of the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

The New York long-arm statute states that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent" "transacts any business within the state or contracts anywhere to supply goods or services in the state. . . ." N.Y. C.P.L.R. § 302(a)(1). "New York courts conduct a two-fold jurisdictional inquiry: (i) the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State by either transacting business in

---

[1] U.S. Bank Fact Sheet, https://www.usbank.com/about-us-bank/fact-sheet.html (last visited July 7, 2026).

New York or contracting to supply goods or services in New York; and (ii) the claim must arise from that business transaction or from the contract to supply goods or services." *See Fabric*, 2021 WL 811371, at \*4 (citation modified) (citing *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 297 (2017)). To satisfy the second prong, there must be an "'articulable nexus' or 'substantial relationship' between the plaintiff's cause of action and the defendant's transaction of business" in the forum state. *See id.* at \*5 (citation modified).

Because U.S. Bank solicits business in New York, and it maintains a New York office with New York-based employees,[2] it has purposefully availed itself of this jurisdiction through its business activities. *See Fabric*, 2021 WL 811371, at \*4.

The action sought in the Motion also has a substantial relationship with U.S. Bank's transaction of business in New York. *See id.* at \*5. Plaintiffs argue that U.S. Bank should be ordered to release funds from accounts maintained by U.S. Bank, which were used by Horizons to deposit revenue and from which Horizons "directly paid" and managed Plaintiffs, all of whom are New York residents. (*See* Compl. ¶¶ 16–21, Dkt. 1; Pls. Supp. Br. at 4.) Neither Horizons nor U.S. Bank has appeared or otherwise refuted this. Therefore, the Court finds it reasonable to conclude that Plaintiffs' claim arises from U.S. Bank's business activities in New York, and both prongs of the long-arm statute are satisfied. *See Fabric*, 2021 WL 811371, at \*4.

The Court next considers U.S. Bank's minimum contacts with New York and the reasonableness of exercising jurisdiction over it. *See Okla. Firefighters Pension & Ret. Sys.*, 92 F.4th at 456. By purposefully availing itself of the New York forum, U.S. Bank has sufficient contacts with New York to satisfy the minimum contacts inquiry under the Due Process Clause. *See Chloe v. Queen*

---

[2] *See* U.S. Bank Commercial Banking for the Northeast, https://www.usbank.com/corporate-and-commercial-banking/why-choose-us/northeast.html (last visited July 7, 2026); U.S. Bank Private Wealth Management, https://www.usbank.com/wealth-management/private-wealth-management/near-me/ny/new-york/1095-avenue-of-the-americas/ (last visited July 7, 2026).

*Bee of Beverly Hills, LLC*, 616 F.3d 158, 171–72 (2d Cir. 2010) (concluding that there was an assertion of personal jurisdiction over the defendant "with due process for the same reasons that it satisfies New York's long-arm statute," namely that the defendant "purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws") (citation modified).

As for the reasonableness inquiry, all the factors weigh in favor of exercising personal jurisdiction over U.S Bank. *See id.* at 171–72. U.S. Bank would experience minimal burden because it has purposefully availed itself of the New York forum through its advertisements to New York residents and its New York-based office and employees. New York also has an interest in enforcing the judgment against Horizons for unlawful violations committed in its forum and against its residents. *See id.* at 173. Plaintiffs are New York residents who have an interest in obtaining relief from a turnover order issued by this Court. *See id.* An order to turn over Horizons' funds in New York would be the most efficient resolution, obviating the need for Plaintiffs to refile a similar motion requesting the same relief in a different forum. Finally, holding U.S. Bank "subject to jurisdiction in New York does not appear likely to erode any shared social policies" with other states. *See, e.g.*, *Bank of Brussels Lambert v. Fiddler Gonzales & Rodriguez*, 305 F.3d 120, 130 (2d Cir. 2002). Thus, the reasonableness inquiry under the Due Process Clause is satisfied.

Accordingly, the Court finds that it has personal jurisdiction over U.S. Bank, and Plaintiffs, therefore, may proceed by motion rather than commencing a special proceeding.

### B. Plaintiffs Have Shown Entitlement to a Turnover Order

Plaintiffs contend that they are entitled to recover all property belonging to the Defaulting Defendants, including the funds in the Accounts, "to satisfy in whole or in part" the Judgment entered in their favor, including accrued interest. (Sackowitz Decl. at 5.)

Plaintiffs have submitted account statements covering the period January 2023 through January 2025, showing that Horizons is the account holder for both Accounts. (*See* Account Statements, Dkts. 72-6, 72-7.) As of January 31, 2025, the account ending in 9704 held $16,676.07, and the account ending in x4325 held $13,168.02. (*See id.*) Since the Accounts belong to Horizons, Horizons necessarily has an interest in the funds in both Accounts. *See Beauvais*, 942 F.2d at 841 ("A debtor obviously has an interest in its own money or property held by a third party"); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) (finding that the judgment debtor has an interest in its own bank account funds). Thus, the first prong of C.P.L.R. Section 5225(b) is satisfied.

Because Horizons is the account holder of the Accounts, it is also entitled to possession of the funds in both Accounts. *See Kahara Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2d Cir. 2002) ("When a party holds funds in a bank account, possession is established, and the presumption of ownership follows."); *see also Commodities*, 423 F. Supp. 3d at 51 (finding that the judgment debtor was entitled to the possession of the funds in its bank account). Moreover, no one has asserted superior rights to the funds in the Accounts. Therefore, the second prong of C.P.L.R. Section 5225(b) is also satisfied.

The Defaulting Defendants have not presented any contrary evidence.

Accordingly, the Court finds that Plaintiffs are entitled to a turnover order directing U.S. Bank to turn over funds currently held in the Accounts up to the amount of the Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for an order directing U.S. Bank to turn over funds in Horizons' U.S. Bank accounts with account numbers ending in 9704 and 4325 is granted.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          July 16, 2026